IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KO OLINA INTANGIBLES, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>NIMIETY GROUP LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>　　　　　　　Defendant. | CIV. NO. 19-00441 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF KO OLINA INTANGIBLES, LLC'S MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF
KO OLINA INTANGIBLES, LLC'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Ko Olina Intangibles, LLC's Motion for Default Judgment, or in the Alternative, for Partial Summary Judgment as to Counts I, II, IV and V ("Motion for Default Judgment") (ECF No. 17), filed on January 13, 2020, came on for hearing on February 27, 2020 at 9:30 a.m. before the Honorable Rom A. Trader.  Attorneys David Geoffrey Brittin, Esq. and Stephanie Teece, Esq. were present on behalf of Plaintiff.  Defendant Nimiety Group LLC ("Defendant") made no opposition, objection, appearance, or other communications.

Having considered all written materials submitted in support of the motion for default judgment, the record as a whole, and applicable law, the Court FINDS and RECOMMENDS that the Motion for Default Judgment be GRANTED only as to the request for default judgment of Counts I, II, and V.  As such, the Court need not reach Plaintiff's request for partial summary judgment.  The Court further FINDS and

RECOMMENDS Plaintiff is entitled to an accounting from Defendant to determine the amount of Plaintiff's damages.

## BACKGROUND

Plaintiff commenced this action on August 15, 2019.  ECF No. 1.  Plaintiff is the owner of a federally registered trademark "Ko Olina."  Id. at ¶ 16.  Plaintiff alleges that on April 20, 2006, Defendant registered a domain name "KoolinaActivities.com" ("Domain Name") with the State of Hawaii Department of Commerce and Consumer Affairs without Plaintiff's permission or knowledge.  Id. at ¶ 20.  Plaintiff alleges that Defendant's use of the Domain Name infringes upon Plaintiff's rights to the "Ko Olina" trade name."  Id. at ¶ 24.  Plaintiff claims that it notified Defendant of the alleged infringement and demanded that Defendant cease and desist such use.  Id.  Plaintiff states that Defendant did not respond.  Id.

Defendant was served on September 18, 2019 and on October 7, 2019.  See ECF No. 11.  Defendant failed to answer or respond to Plaintiff's Complaint.  On October 29, 2019, Plaintiff filed its Request for Entry of Default Against Defendant Nimiety Group LLC ("Request for Entry of Default").  ECF No. 12.  An entry of default was entered against Defendant on November 6, 2019.  ECF No. 14.  On January 13, 2020, Plaintiff filed the present Motion.  ECF No. 17.  Defendant failed to oppose or respond to Plaintiff's Motion.

## DISCUSSION

Pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 55(b)(2), the Court may enter default judgment following the Clerk's entry of default under Fed. R.

Civ. P. 55(a). The district court has the discretion to grant or deny an application for default judgment. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). The Court, however, must first have jurisdiction over this case.

A.   Jurisdiction

This Court must first determine whether it has subject matter jurisdiction over this action. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attached as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place"). This Court has subject matter jurisdiction over Plaintiff's' claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1338 and 1367. Further, venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in the City and County of Honolulu. The Court next turns to whether default judgment is proper in this case.

B.   Eitel Factors

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1)-(2). However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1472-73 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Plaintiff's allegations regarding liability are deemed true, but the Plaintiff must establish the relief to which it is entitled. Fair Hous. Of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Any "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)). The Court shall address each factor.

    1.    Possibility of Prejudice

This factor considers whether the Plaintiff would suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). "Potential prejudice to [p]laintiff favors granting default judgment." Id. Defendant failed to answer Plaintiff's Complaint or respond to the Motion for Default Judgment. Defendant's repeated failure to respond makes a decision on the merits impractical, if not impossible. Further, Plaintiff alleges that Defendant will continue to

use Plaintiff's trademarks and goodwill to deceive customers to the detriment of Plaintiff. Plaintiff alleges that Consumers will purchase Defendant's services believing that they are connected to Plaintiff's services. Absent entry of default judgment, Plaintiff would be without recourse. Thus, the Court FINDS that this factor weighs in favor of default judgment.

        2.      <u>Merits of the Claim</u>

As previously noted, the factual allegations in the Complaint, for purposes of liability, will be taken as true. <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18 (citation omitted). Plaintiff brought this action against Defendant for trademark infringement. Plaintiff alleges five counts against Defendant: (1) Count I: Federal Trademark Infringement; (2) Count II: Federal Unfair Competition; (3) Count III: Federal Trademark Dilution of the Ko Olina Marks; (4) Count IV: State Unfair and Deceptive Trade Practices; and (5) Count V: Common Law Trademark Infringement and Unfair Competition. Plaintiff requests default judgment to be entered against Defendant as to Counts I, II, and IV only.

        a.      <u>Merits of Count I and II</u>

Under Counts I and II, the elements necessary to establish federal trademark infringement and federal unfair competition are identical. <u>Brookfield Comm., Inc. v. West Coast Enter. Corp.</u>, 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir. 1999). Plaintiff must show that (1) it has a valid, protectable mark, and (2) the defendant's use of the mark is likely to cause consumer confusion. <u>See</u> <u>Brookfield Communications, Inc. v. West Coast Entertainment Corp.</u>, 174 F.3d 1036, 1047 (9th Cir. 1999); <u>OTR Wheel</u>

5

Engineering, Inc. v. West Worldwide Services, Inc., 897 F.3d 1008, 1022 (9th Cir. 2018) (citing Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007)).  For the first element, Plaintiff alleges that it registered its trademark and obtained federal trademark protection for the name "Ko Olina," the name which Defendant has used.

For the second element, likelihood of confusion, the Ninth Circuit has adopted an eight-factor test.  See AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979) (abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792 (9th Cir. 2003)); GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir. 2000).   The Ninth Circuit cautioned that in making such a determination, a "careful assessment of the pertinent factors that go into determining [the] likelihood of confusion usually requires a full record."  Thane Int'l, Inc. v. Trek Bicycle Corp., 305 F.3d 894, 902 (9th Cir. 2002) (citations omitted).  The eight factors are:

(1) Strength of the mark;
(2) The similarity of the marks;
(3) The proximity or relatedness of the goods or services;
(4) The defendant's intent in selecting its mark;
(5) Evidence of actual confusion;
(6) The marketing channels used;
(7) The likelihood of expansion into other markets; and
(8) The degree of care purchasers are likely to use.

GoTo.com, Inc., 202 F.3d at 1205; Sleekcraft, 599 F.2d at 348-49.  "This eight-factor test for likelihood of confusion is pliant.  Some factors are much more important than others, and the relative importance of each individual factor will be case-specific."  eAcceleration Corp. v. Trend Micro, Inc, 408 F. Supp. 2d 1110, 1116 (W.D. Wash. 2006) (citing Brookfield Comm., 174 F.3d at 1054).  "[I]n cases involving trademarks used to sell internet services over competing web sites, the Ninth Circuit has identified the

6

similarity of the marks, the relatedness of the services, and the use of common marketing channels as the most important factors." Id. (citing GoTo.com, Inc., 202 F.3d at 1205).

Plaintiff alleges that "Ko Olina" is not a historical Hawaii geographical designation or Hawaiian word, but is made up of two components: "Ko" meaning to fulfill and "Olina" meaning joy. ECF No. 1 at ¶ 6. Plaintiff alleges that the term "Ko Olina" was coined by Reverend Abraham Kahikina at the request of Plaintiff's predecessor in interest, West Beach Estates, specifically for the Ko Olina Resort. Id. Given the alleged originality of the name, the first factor weighs in favor of finding the likelihood of confusion.

Plaintiff states that it and its licensee, Ko Olina Activities, LLC, a Hawaii limited liability company, operate websites promoting tourist activities. ECF No. 1 at pp. 8-9. Plaintiff states that Defendant also uses its website to promote tourist activities that are similar and in certain cases identical to those promoted by Plaintiff. ECF No. 1 at pp. 6-8. Accordingly, the similarity of the marks, proximity or related of the goods or services, and use of common marketing channels weigh in favor of the likelihood of confusion.

Plaintiff also alleges that Defendant is intentionally using the Ko Olina mark in order to make use of the name, goodwill and reputation of Ko Olina Resort. ECF Nos. 1 at ¶ 28 & 17-1 at p. 17. Plaintiff alleges that it has evidence of actual confusion as it has received numerous comments from owners and guests at Ko Olina resort who believed that Defendant's website was the official website for Ko Olina Resort and that Plaintiff was the owner of the website. ECF No. 17-1 at p. 18. Thus, Defendant's intent in

7

selecting its mark and evidence of actual confusion weighs in favor of the likelihood of confusion.

Plaintiff states that Plaintiff and Defendant currently operate in the same market, but provides no argument regarding the likelihood of expansion into other markets. ECF No. 17-1 at p. 19. Accordingly, the Court cannot find that this factor weighs in favor of the likelihood of confusion.

Plaintiff alleges that consumers are not likely to use a high degree of care. Id. Plaintiff alleges consumers will likely type in the words "Ko Olina activities" to a search engine and click on the link that appears to best answer their query. Id. The last factor, the degree of care purchasers are likely to use, weighs in favor of the likelihood of confusion. The Court finds that six (6) out of the eight (8) factors weigh in favor of the likelihood of confusion.

The Court finds that Plaintiff has alleged sufficient facts to show that it has a valid, protectable mark and that the eight-factor test weighs in favor of the likelihood of confusion. Accordingly, the merits of Plaintiff's claims under Counts I and II weigh in favor of the finding of default judgment.

        b.     Merits of Count IV

Count IV alleges State Unfair and Deceptive Trade Practices under Haw. Rev. Stat. § 480-2. "[A] practice is unfair when it offends established policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Maeda v. Pinnacle Foods Inc., 390 F. Supp. 3d 1231, 1250 (D. Haw. 2019) (citing Balthazar v. Verizon Haw., Inc., 109 Hawai'i 69, 77, 123 P.3d 194, 202 (2005))

(internal quotations omitted). A "deceptive act or practice is (1) a representation, omission or practice that (2) is likely to mislead consumers acting reasonably under the circumstances [where] (3) [ ] the representation, omission, or practice is material.'" Id. (citing Courbat v. Dahana Ranch, 111 Hawai'i 254, 262, 141 P.3d 427, 435 (2006)) (omitted internal quotations). "Representations, omissions, or practices are considered 'material' if they involve 'information that is important to consumers and, hence, likely to affect their choice of conduct regarding, a product.'" Id. (citations omitted). The test is an objective one that looks to a reasonable consumer and not a particular consumer. Id. (citing Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1092 (9th Cir. 2010)). Further, "Claims alleging unfair or deceptive acts that are brought under HRS § 480-2 and seek damages or injunctive relief require a showing of injury." Balthazar v. Verizon Hawaii, Inc., 109 Hawai'i 69, 77, 123 P.3d 194, 202 (2005).

The facts Plaintiff alleges are sufficient to show that a deceptive act or practice exists. First, Plaintiff alleges that Defendant uses the trademark "Ko Olina" to operate its business. ECF No. 1 pp. 5-7. Second, Plaintiff states that Defendant's use of the name is misleading and likely to cause consumer confusion. Id. at pp. 6 & 9. Third, Plaintiff alleges facts showing that Defendant's representation or practice is material. Plaintiff states that "consumers may be misled to believe that Defendant is affiliated with, or authorized by, Ko Olina Resort." Id. at ¶ 23. Plaintiff states that the use of the name is "causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff . . ." and this confusion and belief affects consumer choices. Id. at ¶ 41. Fourth, Plaintiff alleges that it was injured as a result of Defendant's unfair

9

or deceptive acts. Id. at ¶ 48. Plaintiff states that as a result of Defendant's use of the name, Plaintiff has suffered irreparable injury to "Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and well-known trademark 'Ko Olina.'" Id. ¶ 39. Accordingly, the Court FINDS that the allegations in the Complaint are adequately pled and thus, this factor favors default judgment.

       3.      Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion for Default Judgment. The Court FINDS that this factor weighs in favor of default judgment.

       4.      Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citing Eitel, 782 F.2d at 1472). In this case, Plaintiff claims that it only seeks damages in the amount that Defendant profited from its infringement. ECF No. 17-1 at p. 22. As such, the damages sought can be made certain by computation. However, Plaintiff does not provide any information regarding how that amount will be determined from Defendant's profits. Thus, the Court cannot determine whether this factor weighs in favor of default judgment.

       5.      Likelihood of a Dispute Concerning Material Facts

The record reflects that Defendant was given notice. Defendant had sufficient time to answer the Complaint and deny Plaintiff's allegations, but failed to do so. In fact,

Defendant has done nothing to dispute the allegations. There has been no dispute raised against Plaintiff's material factual allegations. Accordingly, this factor favors default judgment.

6. <u>Excusable Neglect</u>

There is no evidence in the record showing that Defendant's failure to answer or respond to the Complaint was due to excusable neglect. Plaintiff served Defendant with the Complaint and Summons on September 18, 2019 and October 7, 2019. ECF No. 11. Defendant failed to answer or respond to the Complaint. Plaintiff also served Defendant with its Request for Entry of Default. ECF No. 15. Again, Defendant did not defend. Plaintiff also served Defendant with notice of this Motion for Default Judgment. ECF No. 17-5. Despite ample notice of this lawsuit, the hearing on the Motion for Default Judgment, and the threat of default judgment, Defendant has not defended in this matter. The record is void of any evidence suggesting that Defendant's default may have been the result of excusable neglect. Thus, the Court FINDS that this factor weighs in favor of default judgment.

7. <u>Policy Favoring Decision on the Merits</u>

Default judgments are disfavored. <u>In re Roxford Foods, Inc.</u>, 12 F.3d 875, 879 (9th Cir. 1993). There is a policy favoring decisions on the merits. However, the factors previously evaluated strongly weigh in favor of granting default judgment. Further, proceeding with litigation would be futile and frustrate the Court's ability to manage its docket. Defendant has not complied with any deadlines, rules, or orders. As such, this case cannot be adjudicated and there will be no progress. The Court FINDS that this

11

factor does not preclude the finding that default judgment against Defendant is appropriate.

        8.     <u>Totality of Eitel Factors</u>

The Court FINDS that the <u>Eitel</u> factors weigh in favor of entering default judgment against Defendant as requested by Plaintiff. As discussed above, five (5) out of the seven (7) factors weigh in favor of default judgment. As such, Plaintiff's request for default judgment should be granted, and Plaintiff is entitled to an accounting.

C.     <u>Plaintiff's Request to Transfer the Domain Name</u>

In its Motion for Default Judgment, Plaintiff requests default or in the alternative, summary judgment. Because the Court finds that default judgment is appropriate, it need not reach Plaintiff's request for partial summary judgment. In its Motion for Default Judgment, Plaintiff also requests that if default is granted, the Court issue an order providing for "[t]he transfer of the domain name 'koolinaactivities.com' to Plaintiff." ECF No. 17 at p. 2. Plaintiff did not request such relief in its Complaint.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). Here, the Court has taken the factual allegations of the Complaint and found that the Eitel factors weigh in favor of finding default judgment. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In this case, Plaintiff's request for the transfer of the domain name is relief that is outside the scope of the Complaint and of the Court's

12

finding of default judgment.  In addition, Plaintiff provides no argument that such relief is appropriate despite the absence of such request in the Complaint.  As such, the Court declines to award Plaintiff's request for the transfer of the domain name based on the Motion for Default Judgment currently before the Court.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment, be GRANTED as follows:

1. Plaintiff's request for default judgment against Defendant as to Counts I, II, and IV of the Complaint be GRANTED, and

2. Plaintiff is entitled to an accounting from Defendant in order to determine the amount of Plaintiff's damages.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 28, 2020.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 19-00441 JMS-RT; *Ko Olina Intangibles, LLC v. Nimiety Group, LLC*; Findings and Recommendation to Grant Plaintiff Ko Olina Intangibles, LLC's Motion for Default Judgment