FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Jun 30, 2021**
Michelle Rynne, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KO OLINA INTANGIBLES, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | CIV. NO. 19-00441 JMS-RT |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART JUDGMENT CREDITOR KO OLINA INTANGIBLES, LLC'S MOTION TO AMEND DEFAULT JUDGMENT |
| vs. | |
| NIMIETY GROUP LLC, A HAWAII LIMITED LIABILITY COMPANY; | |
| Defendant. | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART JUDGMENT CREDITOR KO OLINA INTANGIBLES,
LLC'S MOTION TO AMEND DEFAULT JUDGMENT**

Before the Court is Judgment Creditor Ko Olina Intangibles, LLC's

("Plaintiff") Motion to Amend Default Judgment Filed Herein on September 23,

2020 ("Motion" or "Motion to Amend Default Judgment") (ECF No. 38), filed on

January 20, 2021. The Motion to Amend Default Judgment came on for a

telephonic hearing on February 25, 2021 before the Honorable Rom A. Trader.

ECF No. 41. Attorney David Brittin appeared on behalf of Plaintiff Ko Olina

Intangibles, LLC. Ruth Silvia and John Silvia, principals of Defendant Nimiety

Group LLC, participated by telephone.

After careful consideration of the Motion to Amend Default Judgment, records in this case, and applicable law, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART the Motion as follows:

1. GRANT Plaintiff's request to amend the default judgment (ECF No. 32) in this case;

2. GRANT Plaintiff's request for an award of damages in the amount of $86,622.72;

3. DENY Plaintiff's request for treble damages;

4. AWARD $13,166.50 in reasonable attorneys' fees and $620.14 in general excise tax; and

5. DENY the nontaxable costs and DENY WITHOUT PREJUDICE the taxable costs.

<u>BACKGROUND</u>

On July 28, 2020, this Court issued a Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment ("F&R for Default Judgment"). ECF No. 24. The Court found that default judgment should be granted as to Counts I, II, and IV of Plaintiff's Complaint. The Court also found that Plaintiff was entitled to an accounting from Defendant to determine the amount of Plaintiff's damages.

On September 22, 2020, Plaintiff filed a Notice of Dismissal Without Prejudice of Counts III and V of Complaint Filed August 15, 2019 ("Notice of Dismissal"), which dismissed the remaining counts in the Complaint.  ECF No. 29.

The district court adopted this Court's F&R for Default Judgment on September 23, 2020.  ECF No. 31.  Default Judgment was entered on that same day.  ECF No. 32.

On October 19, 2020, Plaintiff filed an Ex Parte Motion for Examination of Person with Knowledge of the Affairs of Judgment Debtor Nimiety Group LLC ("Motion for Examination of Judgment Debtor") (ECF No. 33), and sought to examine Ruth Silvia as a person with knowledge of the affairs of Defendant Judgment Debtor Nimiety Group LLC.  On October 22, 2020, this Court issued an Order for Examination of Person with Knowledge of the Affairs of Judgment Debtor Nimiety Group LLC ("Order for Examination") (ECF No. 34), and a telephonic hearing was held on November 25, 2020 (ECF No. 37).

After receiving Defendant's accounting, Plaintiff filed a Motion to Amend Default Judgment (ECF No. 38) seeking damages in the amount of $86,622.72. No opposition was filed.

At the hearing on the Motion to Amend Default Judgment, Plaintiff was directed to submit declarations and exhibits in support of Plaintiff's request for attorneys' fees by no later than March 11, 2021.  ECF No. 41.  On March 11, 2021, Plaintiff filed the Declaration of David G. Brittin in Support of Attorneys' Fees

and Costs ("Declaration"). ECF No. 42. The two-page Declaration failed to provide the Court with enough information to determine whether the hourly rates requested were reasonable. The Court offered Plaintiff the opportunity to meet its burden by allowing a Supplemental Declaration to be filed. ECF No. 43. On May 10, 2021, Plaintiff filed the Supplemental Declaration of David G. Britton in Support of Attorneys' Fees and Costs ("Supplemental Declaration"). ECF No. 44.

DISCUSSION

A.    <u>Plaintiff's Request for $86,622.72 in Damages is Appropriate</u>

In the Motion to Amend Default Judgment, Plaintiff provided the documents it received as a result of the Order for Examination. These documents support Plaintiff's request for $86,622.72 in damages. In its F&R for Default Judgment, this Court previously found that Plaintiff is entitled to damages. Because Plaintiff received an accounting from Defendant and provided sufficient evidence establishing its damages, this Court RECOMMENDS that the Motion to Amend Default Judgment be GRANTED as to Plaintiff's request for $86,622.72 in damages.

B.    <u>Plaintiff is Not Entitled to Treble Damages</u>

In Plaintiff's original motion requesting default judgment (ECF No. 17), Plaintiff did not request treble damages but now seeks treble damages in its Motion to Amend Default Judgment. However, this Court declines to now award treble damages particularly because, in Plaintiff's original motion request for default

4

judgment (ECF No. 17), Plaintiff stated that "[t]he amount sought as damages is only the amount that Defendant profited from its infringement."  ECF No. 17-1 at PageID #: 88.  The Court relied on this representation when it conducted its analysis under <u>Eitel v. McCool</u> to find that default judgment was appropriate.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Thus, the Court finds that Plaintiffs prior representation that it was not seeking treble damages precludes Plaintiff from now claiming any right to such damages.  As such, the Court RECOMMENDS that the district court DENY Plaintiff's request for treble damages.

C.    <u>Plaintiff's Request for Reasonable Attorney's Fees and Costs</u>

On March 11, 2021, Plaintiff filed a Declaration and requested attorneys' fees in the amount of $21,023.51, general excise tax of $990.21, and costs of $235.61 for a total amount of $22,249.33.  ECF No. 42.  However, Plaintiff did not provide any summary regarding (1) the hourly rate of each attorney or paralegal; (2) the number of hours each attorney or paralegal worked; and (3) the costs requested.  <u>See</u> LR54.2.  Notably, Plaintiff failed to provide evidence in support of the hourly rate requested for each attorney or paralegal.  Thus, this Court could not determine the reasonableness of the attorneys' fees and costs requested.

On April 30, 2021, this Court directed Plaintiff to submit a supplemental declaration "that provides the Court with relevant and enough information to determine whether the hourly rate requested is reasonable."  ECF No. 43.  On May

10, 2021, Plaintiff filed a Supplemental Declaration, which stated that Exhibit A attached to the Supplemental Declaration is being resubmitted.  ECF No. 44.  This is the second Exhibit A being submitted as evidence in support of Plaintiff's requested attorneys' fees and costs.  The first Exhibit A was attached to the initial Declaration submitted by Plaintiff.

Plaintiff did not provide any summaries and resubmitted Exhibit A attached to the Supplemental Declaration without indicating whether this most recent Exhibit A (ECF No. 44-1) supersedes the one already submitted with the first Declaration (ECF No. 42-1).  Further, it appears that the most recent Exhibit A (ECF No. 44-1) contains duplicate copies of the invoices.[1]  The Court declines to do a line-by-line comparison of these different submissions and shall therefore review only the first set of invoices in the most recent Exhibit A (ECF No. 44-1 at PageID #: 742-774).

Plaintiff was awarded its reasonable fees and costs in the F&R for Default Judgment and are thus entitled to its reasonable attorneys' fees and costs. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also

_____

[1] The Court conducted a general review of the different versions of the invoices to find that they are likely duplicates of one another.

be adjusted based on an evaluation of the factors in <u>Kerr</u>, which have not been

subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975) (citing <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount calculated is reasonable. <u>See Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>Fischer</u>, 214 F.3d at 1119 n.4.

Plaintiff did not provide any summary table or chart listing the timekeeper, rates, hours, and fees requested as required by LR54.2(f)(1) and failed to provide any argument or explanation clearly outlining the structure of the rates requested. LR54.2. Given Plaintiff's complete disregard of LR54.2(f)(1), it was well within this Court's discretion to deny this fee motion with prejudice.[2] Nevertheless, this

---

[2] Plaintiff's counsel is cautioned that the Court will not tolerate non-compliance with the Local Rules in the future. Any similar future failure to follow the rules regarding fee motions may result in appropriate sanctions, including denial with prejudice of a motion seeking an award of attorney's fees and costs. LR54.2(h).

Court conducted a time-consuming page-by-page and line-by-line analysis of

Plaintiff's invoices to determine the exact structure of the fees requested. Below is

a chart summarizing the hourly rates and fees being requested for each attorney

and paralegal.

| Timekeeper | Year | Rate | Hours | Total |
|---|---|---|---|---|
| Michael R. Marsh | 2019 | $410.00 | 1.0 | $410.00 |
| | 2020 | $425.00 | 1.4 | $595.00 |
| David G. Brittin | 2019 | $325.00 | 14.7 | $4,777.50 |
| | 2019-2020 | $335.00 | 24.9 | $8,341.50 |
| | 2020-2021 | $340.00 | 2.4 | $816.00 |
| Stephanie M. Teece | 2019 | $240.00 | 10.4 | $2,496.00 |
| | 2020 | $250.00 | 1.2 | $300.00 |
| Alisha R. Kong (paralegal) | 2020 | $155.00 | 7.5 | $1,162.50 |
| | | | Total: | $18,898.50 |

The Court carefully reviewed Plaintiff's invoices and calculated that the hours and

hourly rate requested amount to $18,898.50 in attorneys' fees. However, Plaintiff

claims that it expended attorneys' fees in the amount of $21,023.51. Because

Plaintiff did not provide any explanation regarding how it calculated its attorneys'

fees, and this Court, even after following the timekeeping in Plaintiff's invoices is

unable to reconcile the numbers to be equivalent to $21,023.51, **RECOMMENDS**

that $2,125.01 (the difference between the Court's calculation and Plaintiff's

calculation) be **DENIED**.

        The Court now turns to the lodestar calculation to determine whether the

attorneys' fees requested are reasonable.

1.    <u>Reasonable Hourly Rate</u>

At the outset, the Court notes that Plaintiff failed to provide any explanation regarding the range of rates and fee structure requested.  Plaintiff provided no summary or chart of the hourly rates and did not inform the Court that each attorney charged different rates from year to year and even different rates within the same year.  Based on information scattered throughout Plaintiff's invoices, the Court developed the following chart to represent the rates Plaintiff requests for work performed by attorneys Michael R. Marsh, David G. Brittin, Stephanie M. Teece, and paralegal Alisha R. Kong.

| Timekeeper | Year | Rate |
|---|---|---|
| Michael R. Marsh | 2019 | $410.00 |
| | 2020 | $425.00 |
| David G. Brittin | 2019 | $325.00 |
| | 2019-2020 | $335.00 |
| | 2020-2021 | $340.00 |
| Stephanie M. Teece | 2019 | $240.00 |
| | 2020 | $250.00 |
| Alisha R. Kong (paralegal) | 2020 | $155.00 |

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  <u>Roberts v. City of Honolulu</u>, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing <u>Kelly v. Wengler</u>, 822 F.3d 1085, 1099 (9th Cir. 2016)); <u>Webb v. Ada County</u>, 285 F.3d 829, 840 (9th Cir. 2002) (citing

Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The

relevant community is the forum in which the district court sits.  Camacho v.

Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).  The relevant

community is the District of Hawaii.

    "It is the responsibility of the attorney seeking fees to submit evidence to

support the requested hourly rate."  Roberts, 938 F.3d at 1024 (citing Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted).  "The burden is on the fee

applicant 'to produce satisfactory evidence' of the prevailing market rates."  Sam

K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015)

(citations omitted).  In this case, in support of the hourly rates requested, Plaintiff

submitted a Declaration of David G. Brittin in Support of Attorneys' Fees and

Costs ("Declaration") (ECF No. 42) and Supplemental Declaration.

    However, in addition to their own statements, attorneys are required to

submit additional evidence that the rate charged is reasonable.  Jordan v.

Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  See also Camacho, 523

F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the

burden is on the fee applicant to produce satisfactory evidence—in addition to the

attorney's own affidavits—that the requested rates are in line with those prevailing

in the community for similar services by lawyers of reasonably comparable skill,

experience and reputation").  Plaintiff has not submitted any additional evidence or

made any argument as to how the rates requested are consistent with the prevailing

market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  Instead, blanket statements are made that the rates requested are counsel's "usual and customary rate for legal services" and are "well within the range of reason for attorneys with similar experience in this community[.]"  ECF Nos. 42 & 44.

"District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  Sam K. ex rel. Diane C., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). In this case, after considering the Declaration and Supplemental Declaration, this Court shall also consider its own knowledge when determining whether the hourly rates requested are reasonable.

a.    Michael R. Marsh

The Supplemental Declaration states that "Mr. Marsh has over 48 years of civil litigation experience and has been licensed to practice before all courts in the State of Hawaii since 1973."  ECF No. 44 at PageID #: 740.  The Supplemental Declaration also states that Mr. Marsh's hourly rate ranges from $410.00 to $425.00 an hour and "this matter is well within the range of reason for attorneys with similar experience in this community."  Id.

Plaintiff omitted any explanation why a range of rates were requested. Plaintiff also failed to provide any information as to why the range of hourly rates

requested are consistent with the prevailing rate in this community for similar

services by lawyers of reasonably comparable skill, experience, and reputation.

According to the hourly rates listed in the different invoices, Plaintiff

appears to have charged different rates for Mr. Marshall in 2019 and 2020.

| Timekeeper | Year | Rate |
|---|---|---|
| Michael R. Marsh | 2019 | $410.00 |
| | 2020 | $425.00 |

Plaintiff failed to provide the Court with enough evidence to establish that these

hourly rates are reasonable.  However, this Court is well aware of the rates

awarded in this district and finds that the hourly rates requested for Mr. Marsh falls

within the range of rates awarded in this district for an attorney practicing civil

litigation with comparable skill, experience, and reputation in Hawaii.

Accordingly, this Court RECOMMENDS that despite the unexplained and

unsubstantiated increase in hourly rate from $410.00 an hour in 2019 to $425.00 an

hour in 2020, the requested hourly rates for Mr. Marsh are reasonable.

        b.     <u>David G. Brittin</u>

Mr. Britton states that he is "a Director and Shareholder of the law firm of Case

Lombardi & Pettit, A Law Corporation."  ECF No. 44 at PageID #: 739.  In the

Supplemental Declaration, Mr. Britton states that he has billed "Plaintiff at the

hourly rate of $340.00 per hour" and his "customary rate for legal services range

from $335.00 to $340.00 per hour, which amounts are well within the range of

reason for attorneys with similar experience in this community." Id. at PageID #:

741.  Mr. Britton states that he has "14 years of civil litigation experience, and

ha[s] been licensed to practice before all courts in the State of Hawaii since 2007."

Id.  Again, the rates were not provided in a list to the Court as required by LR54.2

and were instead scattered throughout different pages of the invoices in Exhibit A.

In addition, Plaintiff failed to provide any information as to the increase in rate and

the reason for charging different rates within the same year.  The Court thus

developed the following chart to summarize the hourly rates requested for work

performed by Mr. Brittin:

| Timekeeper | Year | Rate | Hours | Total |
|---|---|---|---|---|
| David G. Brittin | 2019 | $325.00 | 14.7 | $4,777.50 |
| | 2019-2020 | $335.00 | 24.9 | $8,341.50 |
| | 2020-2021 | $340.00 | 2.4 | $816.00 |

The Court FINDS that Plaintiff did not meet its burden to establish that Mr.

Britton's hourly rates are reasonable.  First, the representation that Mr. Britton

billed at the hourly rate of $340.00 per hour is only true for part of 2020 and for the

year 2021.  In 2019 and 2020, Mr. Britton's hourly rate was $325.00 or $335.00.

Notably, the hourly rate of $325.00 was not mentioned in the Supplemental

Declaration, but was the hourly rate Mr. Brittin charged in 2019.

Second, Plaintiff did not explain why Mr. Brittin's hourly rate increased

from year to year or why within one year, the rates are inconsistent.  In 2019, Mr.

Brittin's hourly rate was either $325.00 or $335.00 and in 2020, Mr. Brittin's hourly rate was either $335.00 or $340.00.

Based on this Court's knowledge of the prevailing market rate in Hawaii for an attorney practicing civil litigation with comparable skill, experience, and reputation, this Court FINDS that the hourly rates of $270.00 for work performed in the year 2019, $280.00 for work performed in 2020, and $290.00 for work performed in the year 2021 by Mr. Britton is reasonable.  See e.g., Adams v. Pac. iWorks, LLC, Civ. No. 20-00341 DKW-RT, 2021 WL 685190, at *7 (D. Haw. Feb. 1, 2021), report and recommendation adopted, Civ. No. 20-00341 DKW-RT, 2021 WL 683887 (D. Haw. Feb. 22, 2021).

c.    Stephanie M. Teece

The Supplemental Declaration states that "Ms. Teece has 3.5 years of civil litigation experience and has been licensed to practice before all courts in the State of Hawaii since 2018."  ECF No. 44 at PageID #: 740.  The Supplemental Declaration further states that "Ms. Teece's hourly rate from $240.00 to $250.00 in this matter is well within the range of reason for attorneys with similar experience in this community."  Id.  The chart below illustrates the hourly rates requested for work performed by Ms. Teece.

| Timekeeper | Year | Rate | Hours | Total |
|------------|------|------|-------|-------|
| Stephanie M. Teece | 2019 | $240.00 | 10.4 | $2,496.00 |
| | 2020 | $250.00 | 1.2 | $300.00 |

Plaintiff again failed to summarize its requested rates.  Plaintiff did not explain that the hourly rate of $240.00 is being requested for the year 2019 and $250.00 for the year 2020.  The hourly rates listed above were peppered throughout the invoices submitted and only upon close inspection is it noticeable that varying rates were requested for two different years.

This Court FINDS that Plaintiff has not met its burden to establish that the hourly rates requested for Ms. Teece is reasonable.  Although the Supplemental Declaration states that Ms. Teece has 3.5 years of civil litigation, the rates requested pertain to earlier years where Ms. Teece had two years or less experience.  This Court is well aware of the rates awarded in this district and finds that the hourly rate of $180.00 in the year 2019 and $190.00 in the year 2020 for Ms. Teece is reasonable.  See e.g., Adams, 2021 WL 685190, at *7.

d.    Alisha R. Kong

According to the Supplemental Declaration, Ms. Kong is "a paralegal in the area of litigation and transactional law."  ECF No. 44 at PageID #: 741.  The Supplemental Declaration states that "Ms. Kong has 2.5 years of experience as a paralegal in the area of litigation and transactional law" and her "hourly rate of $155.00 per hour in this matter is well within the range of reason for paralegals with similar experience in this community."  Id.

15

| Timekeeper | Year | Rate | Hours | Total |
|---|---|---|---|---|
| Alisha R. Kong (paralegal) | 2020 | $155.00 | 7.5 | $1,162.50 |

Plaintiff does not provide any additional information regarding Ms. Kong's

achievements, qualifications, or experience (other than years as paralegal) for this

Court to consider.  The Court finds that Plaintiff did not meet its burden to

establish that the hourly rate requested for Ms. Kong is reasonable.  Based on this

court's knowledge of the prevailing rates in this community, the Court reduces Ms.

Kong's hourly rate to $95.00 an hour.  See e.g., S&G Labs Hawaii, LLC v. Graves,

Civ. No. 19-00310 LEK-WRP, 2021 WL 1946432, at *1 (D. Haw. Feb. 17, 2021).

      2.    Hours Reasonably Expended

Plaintiff requests attorneys' fees in the amount of $21,023.51 for 63.5 hours

of work performed and general excise tax of 4.71%[3] or $990.21.  "The party

seeking fees bears the burden of documenting the hours expended in the litigation

and must submit evidence supporting those hours and the rates claimed."  Welch v.

Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley,

461 U.S. at 433).  "In determining the appropriate lodestar amount, the district

court may exclude from the fee request any hours that are excessive, redundant, or

---

[3] Plaintiff's invoices show that general excise tax was calculated at the rate of
4.71%.

otherwise unnecessary." Welch, 480 F.3d at 946 (citation and quotation marks omitted).

        a.      Clerical or Ministerial Tasks & Block Billing

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010). Preparing documents for filing and filing documents with the Court are clerical and non-compensable. . OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK, 2014 WL 1326590, at *2 n. 2 (D. Haw. Mar. 10, 2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs., Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).

"**[C]oordinating service of documents**; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; **communications with court staff**; scheduling; and corresponding regarding deadlines" are all examples of clerical work. Hawaii Def. Found. v. City & Cty. of Honolulu, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), report and recommendation adopted as modified, Civ. No. 12-00469

JMS-RLP, 2014 WL 2804448 (D. Haw. June 19, 2014) (citing <u>Ko Olina Dev.,</u>

<u>LLC v. Centex Homes</u>, Civ. No. 09-00272 DAE\-LEK, 2011 WL 1235548, at *12

(D. Haw. Mar. 29, 2011)) (emphasis added).

"**[P]reparing documents for filing with the Court**; filing documents with

the Court; informing a client that a document has been filed; personally delivering

documents; bates stamping and other labeling of documents; maintaining and

pulling files; copying, printing, and scanning documents; receiving, downloading,

and emailing documents; . . . **identification and organization of exhibits**" are also

considered clerical work. <u>OneWest Bank, FSB</u>, 2014 WL 1326590, at *2  n. 2

(citations omitted) (emphasis added).  The Court FINDS that the following entries

are clerical or ministerial in nature:

| Timekeeper | Date | Description | Hours Reduced | Rate | Total Deduction |
|---|---|---|---|---|---|
| Mr. Brittin | 01/19/21 | Prepare exhibits for Motion to Amend Judgment. | 0.4 | $340.00 | $136.00 |
| Mr. Brittin | 01/06/20 | Prepare motion for filing. | 0.7 | $335.00 | $234.50 |
| Mr. Brittin | 06/22/20 | Phone call to court re: status of order. | 0.2 | $335.00 | $67.00 |
| Ms. Teece | 09/22/19 | Oversee Service of Nimiety Group LLC | 0.5 | $240.00 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| Ms. Kong | 10/19/20 | Telephone correspondences [sic] with Judge Seabright's Chambers.  Email correspondence to Judge Seabright's chambers transmitting copy of proposed order for examination of person with knowledge of the affairs of judgment debtor Nimiety Group LLC. | 0.5 | $155.00 | $77.50 |
| | | Total: | 2.3 | | $635.00 |

Accordingly, this Court RECOMMENDS that the fees associated with these

entries be DENIED.

             b.    Insufficient Information to Determine Reasonableness

In determining the reasonableness of the requested hours, the Court reviews

the description of the work performed and must determine whether the requested

fee is excessive such that a reduction is appropriate.  The party seeking attorneys'

fees bears the burden of submitting sufficient evidence, including proper

descriptions of the work performed.  See Welch v. Metropolitan Life Ins. Co., 480

F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433).  If "time entries

lack sufficiently detailed explanation to determine whether and why the hours were

otherwise necessary[,]" the Court may deduct time deemed excessive.  See Pelayo

v. Platinum Limousine Servs., Inc., Civ. No. 15-00023 DKW-KJM, 2016 WL

5402185, at *8 (D. Haw. Sept. 27, 2016).

In particular, courts have deemed "entries [that] . . . do not furnish an adequate non-privileged description . . . [including] telephone calls . . . [that] do not identify all of the participants or the reason for the call" as incomplete and subject to being reduced.  Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *7 (D. Haw. Dec. 1, 2010), report and recommendation adopted sub nom. Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010).  Similarly, time entries regarding any communication should also include adequate non-privileged description identifying the parties to the communication and the reason for the communication.  Further, LR54.2(f) requires entries to "list[ ], in sufficient detail to enable the court to rule on the reasonableness of the request, of any expenditures for which reimbursement is sought."

The Court FINDS that the following entries lack sufficient information for this Court to determine the reasonableness of the entry, due to the redactions and failure to provide adequate non-privileged descriptions:

| Timekeeper | Date | Description | Hours Reduced | Rate | Total Deduction |
|---|---|---|---|---|---|
| Mr. Brittin | 09/26/19 | Review and respond to email from Nadine Ogata regarding [redaction]. | 0.1 | $325.00 | $32.50 |
| Mr. Brittin | 12/16/19 | Draft email to B. Showe and G. Champion regarding [redaction]. | 0.1 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| Mr. Brittin | 01/29/20 | Review and respond to email from Greg Champion regarding [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 08/21/20 | Review and respond to email from Greg Champion regarding [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 09/18/20 | Draft email to Burkley regarding [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 10/01/20 | Evaluate issues with [redaction].  Phone call to Mary Donovan [redaction]. Review and respond to email from J. Agonoy re [redaction]. | 0.5 | $335.00 | $167.50 |
| Mr. Brittin | 10/14/20 | Draft email to Mary Donovan regarding [redaction]. | 0.1 | $335.00 | $33.50 |
| | | Total: | 1.1 | | $366.50 |

This Court thus RECOMMENDS that 1.1 hours or $366.50 in attorneys' fees be DENIED.

      c.    <u>Block Billing</u>

"The district court may reduce the amount of requested fees . . . to account for block billing . . . as long as it provides an adequate explanation for its fee calculation." <u>Cook Productions, LLC v. Stewart</u>, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. O ct. 24, 2017) (citing <u>Ryan v. Editions Ltd. West, Inc.</u>, 786 F.3d 754, 763 (9th Cir. 2015)).  "District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specific tasks.

Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (citation

omitted).

In this fee motion, there are multiple block-billed entries that combine, in a

single entry, tasks that this Court would deem reasonable with tasks that are

excessive.  Because of the block-billing, it is impossible to determine which

portion of the hours requested are excessive or reasonable.  The Court thus finds

that a 20% reduction of the block-billed tasks are appropriate.  These block-billed

tasks are reduced by 20% to account for (1) non-compensable clerical/ministerial

tasks and (2) entries with insufficient information to determine reasonableness.

The following block-billed fees mix clerical/ministerial tasks with work that would

otherwise be deemed reasonable if listed as a separate billing entry.  The chart

below shows the recommended deductions, which were calculated by reducing

each entry by 20%.

| Timekeeper | Date | Description | Hours Reduced | Rate | Total Deduction |
|---|---|---|---|---|---|
| Mr. Brittin | 11/21/19 | Draft Motion for Summary Judgment; Phone call to court re: schedule 16 conf. | 0.1 | $325.00 | $26.00 |
| Mr. Brittin | 12/18/19 | Prepare concise statement of facts and exhibits. | 0.1 | $335.00 | $26.80 |
| Mr. Brittin | 11/24/20 | Prepare for examination of debtor; Phone call to court re: procedure. | 0.1 | $335.00 | $33.50 |

| | | | | | |
|---|---|---|---|---|---|
| Ms. Kong | 10/23/20 | Draft subpoena of Ruth Silvia to appear and testify regarding approved order for examination. Draft transmittal to process server regarding instructions for service. Obtain certified copy of order for examination. | 0.3 | $335.00 | $87.10 |
| Ms. Kong | 10/26/20 | Telephone correspondence with U.S. District Court regarding Order for Examination.  Telephone correspondence with U.S. District Court regarding Order for Examination.  Telephone correspondence with process server regarding service of order or examination.  Draft memorandum to U.S. District Court regarding certification of order. | 0.2 | $335.00 | $53.60 |
| Ms. Kong | 10/30/20 | Finalize documents for process service of subpoena and certified order for examination on Ruth Silvia.  Telephone correspondence with process server regarding same. | 0.1 | $335.00 | $33.50 |
| Ms. Kong | 11/05/20 | Review proof of service for subpoena for completeness. Finalize same for filing. | 0.1 | $335.00 | $33.50 |
| | | Total: | 0.9 | | $294.00 |

This Court RECOMMENDS that the requested attorneys' fees for the listed entries above be reduced by a total of 0.9 hours or $294.00.

The following entries are block-billed and combine entries that lack sufficient information to determine reasonableness with reasonable tasks performed in this case.  The chart shows the recommended deductions, which were calculated by reducing each entry by 20%.

| Timekeeper | Date | Description | Hours Reduced | Rate | Total Deduction |
|---|---|---|---|---|---|
| Mr. Brittin | 10/30/19 | Draft email to N. Ogata re: [redaction];  Draft Motion for Summary Judgment. | 0.3 | $325.00 | $110.50 |
| Mr. Brittin | 11/01/19 | Draft Motion for Summary Judgment; phone call to J. Agonoy re: [redaction]. | 0.6 | $325.00 | $188.50 |
| Mr. Brittin | 11/12/19 | Draft Motion for Summary Judgment; Draft email to G. Champion re: [redaction]. | 0.2 | $325.00 | $65.00 |
| Mr. Brittin | 11/14/19 | Phone call with Greg Champion regarding [redaction]; Revise Motion for Summary Judgment; Prepare COS for documents. | 0.2 | $325.00 | $52.00 |
| Mr. Brittin | 12/11/19 | Revise Motion for Summary Judgment; Draft email to B. Showe regarding [redaction]. | 0.1 | $325.00 | $32.50 |
| Mr. Brittin | 02/18/20 | Prepare for hearing.  Phone call to G. Champion [redaction]. | 0.1 | $335.00 | $20.10 |
| Mr. Brittin | 02/27/20 | Prepare for and attend hearing on Motion for Summary Judgment. Draft email to B. Showe [redaction]. | 0.3 | $335.00 | $107.20 |
| Mr. Brittin | 07/29/20 | Review and evaluate findings and recommendations.  Draft email to Burkley Showe [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 08/25/20 | Review and evaluate court instruction to serve defendant.  Draft email to Burkley Showe [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 09/14/20 | Prepare for and attend court hearing regarding Trademark Lawsuit.  Draft email to Burkley Showe [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 09/23/20 | Review and evaluate court order granting motion.  Draft email to Burkley Showe [redaction]. | 0.1 | $335.00 | $33.50 |
| Mr. Brittin | 09/28/20 | Review and evaluate issues with respect to enforcement of default judgment.  Draft email to Burkley Showe [redaction]. | 0.1 | $335.00 | $20.10 |

| | | | | | |
|---|---|---|---|---|---|
| Mr. Brittin | 09/29/20 | Phone call with Burkley Showe regarding [redaction]; Draft email to Mary Donovan [redaction]; Begin drafting Ex Parte Motion for Examination of Judgment Debtor. | 0.1 | $335.00 | $40.20 |
| Mr. Brittin | 09/30/20 | Draft Ex Parte Motion for Examination of Judgment Debtor. Draft email to Mary Donovan Regarding [redaction]. | 0.3 | $335.00 | $107.20 |
| Mr. Brittin | 10/16/20 | Phone call with Burkley Showe regarding [redaction] prepare examination of debtor pleading. | 0.1 | $335.00 | $20.10 |
| Mr. Brittin | 11/25/20 | Prepare for and attend examination of judgment debtor; Draft email to Burkley Showe [redaction]; Review and evaluate documents provided; draft email to Burkley Showe [redaction]. | 0.2 | $335.00 | $53.60 |
| Mr. Brittin | 12/03/20 | Attend examination of Ruth Silvia; Draft email to Burkley Showe [redaction]; Phone call with Burkley Showe [redaction]. | 0.2 | $335.00 | $67.00 |
| Mr. Brittin | 12/11/20 | Review and evaluate material provided by Ruth Silvia; Draft email to Burkley Showe [redaction]; Review and evaluate next steps for litigation; Draft Motion to Amend Judgment. | 0.4 | $335.00 | $134.00 |
| | | **Total**: | 3.5 | | $1,152.00 |

This Court RECOMMENDS that the entries listed above be reduced by a total of 3.5 hours or $1,152.00.

3.    Lodestar Calculation

The total reasonable attorneys' fees using the lodestar calculation is completed by multiplying the number of hours reasonably expended by the reasonable hourly rate.  The chart below illustrates the computation and incorporates the reductions RECOMMENDED by this Court:

25

| Timekeeper | Year | Rate | Hours | Total |
|---|---|---|---|---|
| Michael R. Marsh | 2019 | $410.00 | 1.0 | $410.00 |
| | 2020 | $425.00 | 1.4 | $595.00 |
| David G. Brittin | 2019 | $270.00 | 15.5 | $4,185.00 |
| | 2020 | $280.00 | 18.7 | $5,236.00 |
| | 2021 | $290.00 | 1.2 | $348.00 |
| Stephanie M. Teece | 2019 | $180.00 | 8.7 | $1,566.00 |
| | 2020 | $190.00 | 1.2 | $228.00 |
| Alisha R. Kong (paralegal) | 2020 | $95.00 | 6.3 | $598.50 |
| | | | Total: | $13,166.50 |

The Court finds that $13,166.50 is the total amount of reasonable attorneys' fees for 54.0 hours of work performed by Plaintiff's attorneys. General excise tax on the total amount of fees is $620.14 ($13,166.50 x 4.71%) and should be awarded to Plaintiff.

4.    Reasonable Costs

Plaintiff requests a total of $235.61 in costs. ECF No. 42 at PageID #: 703; ECF No. 44 at PageID #: 741. Costs can be either taxable or nontaxable costs. See Muegge v. Aqua Hotels & Resorts, Inc., Civ. No. 09-00614 LEK, 2015 WL 4041313, at *32–33 (D. Haw. June 30, 2015). A request for costs accompanying a request for attorneys' fees is generally a request for nontaxable costs as taxable costs are properly brought as a bill of costs. See LR54.1 & LR54.2. Nontaxable costs or related nontaxable expenses "means any expense for which a prevailing party may seek reimbursement other than costs that are taxed by the clerk pursuant to Fed. R. Civ. P. 54(d)(1)." LR 54.2(a)(4). This Court finds that Plaintiff is

entitled to nontaxable costs pursuant to 15 U.S.C. § 1117.[4]  However, the costs

requested are scattered throughout the invoices, and Plaintiff has made no effort to

set forth which costs it seeks as taxable versus nontaxable costs.

Plaintiff is required to set forth "a listing, in sufficient detail to enable the

court to rule on the reasonableness of the request, of any expenditures for which

reimbursement is sought . . . "  LR54.2(f).  The only evidence provided for these

costs are embedded within the invoices submitted by Plaintiff.  ECF No. 44-1 at

PageID #: 742-774.  This Court, in its discretion, could deny any taxable costs on

the basis that Plaintiff failed to properly present its request for costs as required by

LR54.2(f).  See e.g., Muegge v. Aqua Hotels & Resorts, Inc., Civ. No. 09-00614

LEK-BMK, 2015 WL 4041313, at *33 (D. Haw. June 30, 2015) ("It is not the

Court's responsibility to sift through hundreds of pages of submissions in order to

properly identify the amount of costs for Plaintiff.").  However, given that this case

does not involve hundreds of pages of invoices, the Court has conducted a review

of the requested costs.  The following is a summary of the costs Plaintiff requests:

| Date | Description | Cost |
|---|---|---|
| 09/13/19 | Photocopies | $0.20 |
| 09/13/19 | Postage | $7.90 |
| 09/16/19 | Process Server Fees | $25.13 |
| 09/23/19 | Postage | $1.60 |
| 10/01/19 | Postage | $14.00 |

[4] Plaintiff is also entitled to taxable costs, but must comply with LR54.1 by bringing its request in a Bill of Costs.  This Court declines to construe Plaintiff's invoices as a request for taxable costs.

27

| | | |
|---|---|---:|
| 10/11/19 | Photocopies | $2.20 |
| 11/14/19 | Photocopies | $4.20 |
| 11/14/19 | Postage | $1.60 |
| 11/14/19 | Postage | $7.90 |
| 01/13/20 | Photocopies | $0.20 |
| 01/13/20 | Postage | $7.85 |
| 08/25/20 | Postage | $4.50 |
| 09/22/20 | Postage | $6.90 |
| 09/29/20 | Photocopies | $0.20 |
| 10/19/20 | Postage | $1.60 |
| 10/26/20 | Filing, Reg. Fees, etc. | $11.00 |
| 10/30/20 | Witness Fees | $42.04 |
| 11/02/20 | Process Server Fees | $74.35 |
| | Total: | $213.37 |

Although Plaintiff requests $235.61 in costs, Plaintiff's invoices only show

$213.37 in costs.  As such, this Court FINDS that the total requested amount of

costs is $213.37.

The descriptions of the costs in Plaintiff's invoices are insufficient to

establish that the costs incurred were reasonable.  See Berry v. Hawaiian Exp.

Service, Inc., Civ. No. 03-00385 SOM-LEK, 2006 WL 4102120, at *17 (D. Haw.

Oct. 25, 2006).  The only costs requested that are nontaxable are the postage fees,

but the description of each postage cost merely states "postage."  See Yasui v.

Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1128 (D. Haw. 1999) (postal expenses

are not taxable costs); BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., 2015

WL 881577 (D. Haw. Feb. 27, 2015) (postal costs have been permitted as

nontaxable expenses).  This vague description does not provide enough

28

information for this Court to determine that these postage costs were expenditures that were reasonably incurred. Accordingly, this Court finds that the requested postage fees should be DENIED.

The remaining costs requested are taxable costs that should be taxed through a bill of costs. See LR54.1. "[T]he costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable under 28 U.S.C. §1980(4). The October 26, 2020 filing and regulatory fees [5] are also taxable under 28 U.S.C. § 1980 (1) as they are fees of the clerk. "Private process servers' fees[,]" such as the process server fees requested on September 16, 2019[6] and November 2, 2020 "are taxed as costs." Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 178 (9th Cir. 1990). The October 30, 2020 witness fees[7] are also properly taxed as costs. Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124 (D. Haw. 1999)). The Court thus RECOMMENDS that these taxable costs be DENIED without prejudice so that they can be properly brought through a bill of costs as required by LR54.1.

---

[5] The full description of the costs on 10/26/20: "COURT, FILING , REGULATORY FEES FHB/066363, 10/26/20 CLERK, U.S. DISTRICT COURT CERTIFY DOCUMENT[.]" ECF No. 44-1 at PageID #: 772.
[6] The full description of the costs on 9/16/19: "PROCESS SERVER FEES FHB/064239, 10/03/19 808 LEGAL PROCESS LLC UNABLE TO SERVE NIMIETY GROUP LLC – MILEAGE CHARGED[.]" ECF No. 44-1 at PageID #: 747.
[7] The full description of the costs on October 30, 2020: "WITNESS FEES FHB/066385, 10/30/20 RUTH SILVIA WITNESS FEE." ECF No. 44-1 at PageID #: 772.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Amend Default Judgment Filed Herein on September 23, 2020 (ECF No. 38), filed on January 20, 2021, be GRANTED IN PART and DENIED IN PART as follows:

1.    Plaintiff's request to amend the default judgment (ECF No. 32) filed in this case be GRANTED;

2.    Plaintiff's request for treble damages be DENIED;

3.    Plaintiff be awarded $86,622.72 in damages, $13,166.50 in attorneys' fees, and $620.14 in general excise taxes; and

4.    Plaintiff's request for postage costs be DENIED and Plaintiff's request for taxable costs be DENIED WITHOUT PREJUDICE as they are properly brought in a bill of costs.

The Court directs Plaintiff to (1) serve a copy of this Court's Findings and Recommendation on the Motion to Amend Default Judgment on Defendant and (2) file a Certificate of Service indicating the date of service by no later than July 15, 2021.

//

//

//

//

30

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 30, 2021.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00441 JMS-RT; *Ko Olina Intangibles, LLC v. Nimiety Group LLC*;
Findings and Recommendation to Grant in Part and Deny in Part Judgment
Creditor Ko Olina Intangibles, LLC's Motion to Amend Default Judgment